## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY NAIMI, | : | Civil No. 4:24-CV-01391 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LELAND DUDEK, | : | |
| Acting Commissioner of Social Security,[1] | : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

### I.   <u>Statement of the Facts and of the Case</u>

This social security disability appeal comes before us for consideration of a motion to dismiss filed by the defendant, the Acting Commissioner of Social Security. In this motion, the defendant asserts that the complaint filed by the plaintiff, an unsuccessful social security disability claimant, is barred by the statute of limitations that is applicable to such cases.

With respect to this statute of limitations claim, the pertinent facts are largely

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for the previously named defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

undisputed. On August 20, 2020, the plaintiff, Wendy Naimi,[2] filed a Title II application for disability and disability insurance benefits (DIB), alleging she was disabled due to a combination of physical and mental impairments. (Doc. 10-1, at 10). After the Commissioner denied Naimi's application, at the plaintiff's request, an administrative law judge (ALJ) held a hearing on her application. On July 14, 2022, the ALJ issued a decision denying Naimi's application for Title II benefits. (Id., at 9-34).

Naimi timely sought Appeals Council review of this adverse decision, but on October 3, 2023, the Appeals Council denied her request to review this ALJ decision. (Id., at 35-40). The Appeals Council mailed its denial notice to Naimi at the address she had provided to Social Security and in its October 3, 2023, denial notice Social Security informed Naimi of her right to commence a civil action within 60 days from the date of receipt of the notice. (Id.) In addition, the Appeals Council's denial letter instructed Naimi that if she could not file her Complaint within 60 days of receipt of the notice, she could request that the Appeals Council extend the time in which he could commence a civil action. (Id.) The denial notices also indicated that the Appeals Council would presume plaintiff received a copy of the notice within five days of the date of the notice. (Id.) Given this notice, which no party disputes was

---

[2] Some of the Social Security decisions and documents reference the plaintiff as Wendy Tanya Sheaffer.

received by Naimi, in order to be timely Naimi needed to file this civil action on or before December 7, 2023.

It is undisputed that Naimi, who is proceeding in this litigation *pro se*, failed to meet this filing deadline and instead filed her complaint in this Court more than eight months later, on August 19, 2024. (Doc. 1.) The plaintiff does not explain the delay in the filing of this complaint or why she did not request an extension of the deadline despite conceding she received the notice from the Appeals Council detailing how she could do so. Instead, Naimi states that she contacted the Social Security Administration to challenge the ALJ's decision, referencing a November 8, 2023, letter which the defendant has couched as an "implied request to reopen the unfavorable hearing decision" on November 8, 2023. (Doc. 10-1, ¶ (3)(b)); Doc. 12-1, at 1). As of the date of the briefing, the Appeals Council had not acted upon this request. (Id.)

It is against this factual backdrop that the Commissioner moves to dismiss this complaint as time-barred. (Doc. 9). This motion is fully briefed by the parties and is, therefore, ripe for resolution. (Docs. 10, 12). Though we acknowledge the plaintiff's position as a *pro se* litigant, in the absence of any clear explanation why she waited more than eight months past the deadline to file the instant complaint despite all parties acknowledging she received notice of the 60-day deadline, and ways she could request that the deadline be extended, we find that the plaintiff's complaint is

3

clearly time-barred. Furthermore, to the extent that the plaintiff argues the Court should consider her November 8, 2023, implied request to reopen the unfavorable hearing decision as an event which tolled the statute of limitations, we are constrained by the well-settled tenet of administrative exhaustion, which bars our consideration of this request which upon which the agency has not yet ruled. Thus, Naimi's complaint is either far too late or far too early to be properly considered in this court.

Accordingly, for the reasons set forth below, this motion to dismiss will be granted.

## II.    Discussion

### A. Motion to Dismiss—Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our

4

> opinion in <u>Phillips</u> [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.,</u> 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.,</u> 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters,</u> 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First,

the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual

7

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**B.** <u>**Statute of Limitations – Social Security Appeals**</u>

42 U.S.C. § 405(g) prescribes the period within which one must file a complaint seeking judicial review of an administrative decision denying social security benefits, and provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

It is well-settled that this 60–day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." <u>Bowen v. City of New York</u>, 476 U.S. 467, 478 (1986). Nonetheless, because the limitations period is a condition of the waiver of sovereign immunity, and serves a salutary purpose in ensuring timely submission of claims, this 60–day limitations period "must be strictly construed." <u>Id.</u> at 479. However, as a statute of limitations, the 60–days limitations period prescribed by § 405(g) is also subject to equitable tolling. Indeed, as the Supreme Court has observed: "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" <u>Id.</u> at 480

9

(quoting <u>Honda v. Clark</u>, 386 U.S. 484, 581 (1967)).

Adopting these benchmarks, courts have held that equitable tolling should be rare and "applied sparingly," <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002), but have agreed that equitable tolling "may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" <u>Cardyn v. Comm'r of Soc. Sec.</u>, 66 F. App'x 394, 397 (3d Cir. 2003) (quoting <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir.1994)). With respect to equitable tolling claims made in this setting, it is also clear that: "plaintiff bears the burden of establishing that equitable tolling applies." <u>Frazier v. Colvin</u>, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D.Pa. May 6, 2013) (citing <u>Courtney v. La Salle Univ.</u>, 124 F.3d 499, 505 (3d Cir.1997)).

### C. **<u>The Defendant's Motion to Dismiss Will Be Granted.</u>**

These well-settled principles apply here and compel dismissal of Naimi's complaint. It is entirely undisputed that Naimi received the Appeals Council denial in October 2023, some eight months before she filed the instant complaint in federal court on August 19th, 2024. This clearly runs afoul of the strictly construed 60-day

limitations period of which Naimi was informed in the Appeals Council notice she received. Moreover, Naimi has not presented any argument as to why this limitations period should be equitably tolled. Although she argues that she called the Social Security Administration and submitted a request that the ALJ decision be reopened, she does not argue that she was misled or prevented from asserting her rights in any way.

Nor can Naimi argue that she timely filed her appeal in the wrong forum. While she did send a letter to the Social Security Administration impliedly requesting that her Social Security application be reopened within the limitations period, this is decidedly not an incorrect forum, it is simply that the Appeals Council has not yet addressed her request. On this score, our consideration of this request to reopen that Naimi sent to the Social Security Administration is barred by the tenet of administrative exhaustion, which "clearly limits judicial review to a particular type of agency action, a 'final decision' of the Secretary made after a hearing." Pallotta v. Barnhart, 144 F. App'x 938, 940 (3d Cir. 2005) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Indeed, "[w]ithout a 'final decision,' a district court lacks subject matter jurisdiction to review a Social Security benefit determination." Chailla v. Comm'r of Soc. Sec. Admin., 838 F. App'x 653, 655 (3d Cir. 2020). Thus, her reference to this November 8, 2023,

implied request to reopen the ALJ decision neither excuses the untimeliness of her appeal nor constitutes a final decision over which this Court has jurisdiction.

Since the plaintiff filed her complaint eight months too late and has failed to argue the limitations period should be equitably tolled, we will grant the defendant's motion to dismiss her complaint.

An appropriate order follows.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

Dated: April 29, 2025