## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY NAIMI,** | : | **Civil No. 4:24-CV-01391** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FRANK BISIGNANO,**[1] | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.    Statement of the Facts and of the Case

This *pro se* social security disability appeal comes before us for consideration of a motion to reconsider our order dismissing this case on statute of limitations grounds. (Doc. 16). As we previously explained with respect to this statute of limitations claim, the pertinent facts were largely undisputed. On August 20, 2020, the plaintiff, Wendy Naimi,[2] filed a Title II application for disability and disability

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Some of the Social Security decisions and documents reference the plaintiff as Wendy Tanya Sheaffer.

insurance benefits (DIB), alleging she was disabled due to a combination of physical and mental impairments. (Doc. 10-1, at 10). After the Commissioner denied Naimi's application, at the plaintiff's request, an administrative law judge (ALJ) held a hearing on her application. On July 14, 2022, the ALJ issued a decision denying Naimi's application for Title II benefits. (Id., at 9-34).

Naimi timely sought Appeals Council review of this adverse decision, but on October 3, 2023, the Appeals Council denied her request to review this ALJ decision. (Id., at 35-40). The Appeals Council mailed its denial notice to Naimi at the address she had provided to Social Security and in its October 3, 2023, denial notice Social Security informed Naimi of her right to commence a civil action within 60 days from the date of receipt of the notice. (Id.) In addition, the Appeals Council's denial letter instructed Naimi that if she could not file her Complaint within 60 days of receipt of the notice, she could request that the Appeals Council extend the time in which he could commence a civil action. (Id.) The denial notices also indicated that the Appeals Council would presume plaintiff received a copy of the notice within five days of the date of the notice. (Id.) Given this notice, which no party disputes was received by Naimi, in order to be timely Naimi needed to file this civil action on or before December 7, 2023.

It is undisputed that Naimi, who is proceeding in this litigation *pro se*, failed to meet this filing deadline and instead filed her complaint in this Court more than

eight months later, on August 19, 2024. (Doc. 1.) The plaintiff did not explain the delay in the filing of this complaint or why she did not request an extension of the deadline despite conceding she received the notice from the Appeals Council detailing how she could do so. Instead, Naimi stated that she contacted the Social Security Administration to challenge the ALJ's decision, referencing a November 8, 2023, letter which the defendant has couched as an "implied request to reopen the unfavorable hearing decision" on November 8, 2023. (Doc. 10-1, ¶ (3)(b)); Doc. 12-1, at 1). As of the date of the briefing, the Appeals Council had not acted upon this request. (Id.)

It is against this factual backdrop that we acknowledged the plaintiff's position as a *pro se* litigant, but noted that in the absence of any clear explanation why she waited more than eight months past the deadline to file the instant complaint despite all parties acknowledging she received notice of the 60-day deadline, and ways she could request that the deadline be extended, her complaint was clearly time-barred. Furthermore, we observed that to the extent that Naimi argued the Court should consider her November 8, 2023, implied request to reopen the unfavorable hearing decision as an event which tolled the statute of limitations, we were constrained by the well-settled tenet of administrative exhaustion, which bars our consideration of this request which the Appeals Council had not yet addressed. (Doc. 14).

Naimi now asks us to reconsider this decision. (Doc. 16). Thus motion, however, essentially restates the issues that Naimi presented to the Appeals Council in November of 2023. Moreover, the exhibits attached to this motion confirm that Naimi was advised in writing that she needed to file a complaint within sixty days but failed to do so.

Given these facts, as discussed below, this motion to reconsider will be denied.

## II.  <u>Discussion</u>

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered

4

or amended if the party seeking reconsideration shows at least one of
the following grounds: (1) an intervening change in the controlling law;
(2) the availability of new evidence that was not available when the
court granted the motion for summary judgment; or (3) the need to
correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u>
(citation omitted).

<u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251
(3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not
translate into the type of clear error of law which justifies reconsideration of a ruling.
<u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong
interest in the finality of judgments, motions for reconsideration should be granted
sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc</u>., 884 F.Supp. 937,
943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not
a tool to re-litigate and reargue issues which have already been considered and
disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is
appropriate only where the court has misunderstood a party or where there has been
a significant change in law or facts since the court originally ruled on that issue. <u>See
Above the Belt, Inc. v. Mel Bohannon Roofing, Inc</u>., 99 F.R.D. 99, 101 (E.D. Va.
1983).

In this case, there was no factual misunderstanding on our part and there is no intervening change in the law which warrants reconsideration of our prior decision. Quite the contrary, the law remains clear that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

This 60–day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986). Nonetheless, because the limitations period is a condition of the waiver of sovereign immunity, and serves a salutary purpose in ensuring timely submission of claims, this 60–day limitations period "must be strictly construed." Id. at 479. However, as a statute of limitations, the 60–days limitations period prescribed by § 405(g) is also subject to equitable tolling. Indeed, as the Supreme Court has observed: "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" Id. at 480 (quoting Honda v. Clark, 386 U.S. 484, 581 (1967)).

Adopting these benchmarks, courts have held that equitable tolling should be

6

rare and "applied sparingly," <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002), but have agreed that equitable tolling "may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" <u>Cardyn v. Comm'r of Soc. Sec.</u>, 66 F. App'x 394, 397 (3d Cir. 2003) (quoting <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir.1994)). With respect to equitable tolling claims made in this setting, it is also clear that: "plaintiff bears the burden of establishing that equitable tolling applies." <u>Frazier v. Colvin</u>, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D.Pa. May 6, 2013) (citing <u>Courtney v. La Salle Univ.</u>, 124 F.3d 499, 505 (3d Cir.1997)).

In this case it remains entirely undisputed that Naimi received the Appeals Council denial in October 2023, some eight months before she filed the instant complaint in federal court on August 19, 2024. This clearly runs afoul of the strictly construed 60-day limitations period of which Naimi was informed in the Appeals Council notice she received. Moreover, Naimi has not presented any argument as to why this limitations period should be equitably tolled. Although she argues that she called the Social Security Administration and submitted a request that the ALJ

decision be reopened, she does not argue that she was misled or prevented from asserting her rights in any way.

Nor can Naimi argue that she timely filed her appeal in the wrong forum. While she did send a letter to the Social Security Administration impliedly requesting that her Social Security application be reopened within the limitations period, this is decidedly not an incorrect forum. Rather, it appeared that the Appeals Council had not yet addressed her request. While this request is pending before the Appeals Council, we cannot further examine the issues that Naimi raised with the Appeals Council due to the tenet of administrative exhaustion, which "clearly limits judicial review to a particular type of agency action, a 'final decision' of the Secretary made after a hearing." Pallotta v. Barnhart, 144 F. App'x 938, 940 (3d Cir. 2005) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Indeed, "[w]ithout a 'final decision,' a district court lacks subject matter jurisdiction to review a Social Security benefit determination." Chailla v. Comm'r of Soc. Sec. Admin., 838 F. App'x 653, 655 (3d Cir. 2020).

*However, we emphasize for Naimi that, once the Appeals Council acts on her request, she can file an action in federal court, provided she acts within 60 days of receipt of the notice of action by the Appeals Council*. Because Naimi will retain the ability to seek judicial review of her case if she acts promptly upon receiving notice of any adverse action by the Appeals Council response to her November 2023 letter,

she will not suffer any manifest injustice as a result of our decision that she must exhaust her administrative remedies before proceeding to federal court. At this time, however, in our view no grounds exist to re-open and reconsider this case. Therefore, Naimi's motion to reconsider will be denied.

An appropriate order follows.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

Dated: May 28, 2025