# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY NAIMI,** | : | **Civil No. 4:24-CV-01391** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FRANK BISIGNANO,**[1] | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Live and learn.

This truism, which reminds us to always be open to reconsidering our views as we learn more, is a fitting metaphor for this case as we consider the fourth motion asking us to reconsider aspects of our prior decision dismissing this Social Security appeal on statute of limitations grounds. (Doc. 23). Adhering to the adage live and learn, for the reasons set forth below, we will grant all of these requests to reconsider,

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

vacate our prior decision, and set a schedule for the resolution of this case on its merits.

By way of background, this is a *pro se* social security disability appeal filed by Wendy Naimi, which we initially dismissed on statute of limitations grounds. (Doc. 15). With respect to this limitations issue, the pertinent facts were largely undisputed. On August 20, 2020, the plaintiff, Wendy Naimi,[2] filed a Title II application for disability and disability insurance benefits (DIB), alleging she was disabled due to a combination of physical and mental impairments. (Doc. 10-1, at 10). After the Commissioner denied Naimi's application, at the plaintiff's request, an administrative law judge (ALJ) held a hearing on her application. On July 14, 2022, the ALJ issued a decision denying Naimi's application for Title II benefits. (Id., at 9-34).

Naimi timely sought Appeals Council review of this adverse decision, but on October 3, 2023, the Appeals Council denied her request to review this ALJ decision. (Id., at 35-40). The Appeals Council mailed its denial notice to Naimi at the address she had provided to Social Security. In this October 3, 2023, denial notice Social Security informed Naimi of her right to commence a civil action in federal court within 60 days from the date of receipt of the notice. (Id.) In addition, the Appeals

---

[2] Some of the Social Security decisions and documents reference the plaintiff as Wendy Tanya Sheaffer.

Council's denial letter instructed Naimi that if she could not file her Complaint within 60 days of receipt of the notice, she could request that the Appeals Council extend the time in which he could commence a civil action. (Id.) The denial notices also indicated that the Appeals Council would presume plaintiff received a copy of the notice within five days of the date of the notice. (Id.) Given this notice, which no party disputes was received by Naimi, in order to be timely Naimi needed to file this civil action in federal court on or before December 7, 2023.

Naimi responded to this adverse ruling on November 8, 2023 by sending a letter to the Social Security Administration asking that agency to reconsider its decision. This letter, which the Commissioner has couched as an "implied request to reopen the unfavorable hearing decision," was clearly intended to challenge the agency's decision and was doubtless timely submitted within the sixty day appeal time frame. However, Naimi—who was unschooled in legal matters—erred by addressing this to the agency rather than filing an appeal in federal court. It is then undisputed that Naimi, who is proceeding in this litigation *pro se*, filed her complaint in this Court more than eight months after the denial of her claim, on August 19, 2024. (Doc. 1.)

On these facts we initially found Naimi's complaint to be time-barred, and discounted Naimi's efforts to toll the limitations period based upon her November 2023 request for reconsideration submitted to the Commissioner. (Docs. 14-15). In

3

doing so we accepted the Commissioner's representation that it was treating Naimi's November 2023 correspondence as an implied request for reconsideration and stated that we understood that: "*once the Appeals Council acts on her request, she can file an action in federal court, provided she acts within 60 days of receipt of the notice of action by the Appeals Council.*" (Doc. 17 at 8; Doc. 20 at 4; Doc. 22 at 4) (emphasis in original). Thus, an important aspect of our equitable tolling analysis was our understanding that Naimi would have an opportunity to seek judicial review once the Appeals Council acted upon her request for reconsideration. With this understanding we found that Naimi's day in court would only be deferred, but not denied, if we dismissed this complaint without prejudice to allowing her to later pursue an appeal if her agency request was denied. This finding was an explicit part of our decisions denying multiple requests for reconsideration filed by the plaintiff.

We are now informed by the Commissioner that we were wrong, and that the dismissal of this case should forever bar Naimi from seeking judicial review of the merits of this agency decision. Curiously, while we expressed this mistaken understanding multiple times, (Docs. 17, 20), without objection by the Commissioner, only recently has the Commissioner filed a motion asserting that this aspect of our prior orders contains "a clear error of law" since it is the Commissioner's position that there would be no right to appeal from the agency's actions with respect Naimi's November 2023 request that the agency re-examine the

4

denial of her benefits. (Doc. 24 at 1). Of course, the upshot of this position is that Naimi would now be foreclosed from any judicial merits determination of her claim a fact which we did not recognize when we addressed Naimi's equitable tolling claims.

We appreciate the Commissioner's input and acknowledge our error. Therefore, the Commissioner's motion to alter our prior judgment (Doc. 23), will be granted.

But with this clarification by the Commissioner, we also find that the balance of the equities now tilts in favor of also granting Naimi's motions to reconsider, which invited us to equitably toll the limitations period based upon her good-faith error in submitting what was in effective an appeal to the agency rather than filing that appeal with this court. (Docs. 16, 19, 21). On this score, we note that it is well-settled that this 60–day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations," which may be subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 478 (1986). Indeed, as the Supreme Court has observed: "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" Id. at 480. Further, one clearly recognized ground for equitable tolling exists "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Cardyn v. Comm'r

5

of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003). We now understand more clearly the prejudicial impact of our prior rulings on Naimi and recognize that Naimi's timely but mistaken assertion of her right to appeal in the wrong forum should not totally bar consideration of her case. With our understanding of the preclusive effect of our prior rulings upon Naimi's rights to have her case heard clarified by the Commissioner, we find that the plaintiff is entitled to equitable tolling of this limitations. Accordingly, we will grant all of the parties' motions to reconsider, vacate the dismissal order in this case, reinstate this appeal, and set a schedule for the determination of this case on its merits.

An appropriate order follows.

## **ORDER**

AND NOW this 14th day of July 2025, IT IS ORDERED as follows:

The parties' various motions to reconsider, (Docs. 16, 19, 21, 23), are all GRANTED.

The court's order dismissing this case, (Doc. 15), is VACATED and the clerk IS ORDERED to REOPEN this case.

The following scheduling order is entered in this case:

First, the Commissioner shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within sixty (60) days, on or before **September 15, 2025**.

Second, within thirty (30) days after service of the Commissioner's answer, on or before **October 16, 2025** the plaintiff shall serve and file a brief containing the following sections: statement of the case, statement of errors, argument and conclusion.

Third, within thirty (30) days after service of the plaintiff's brief, on or before **November 17, 2025**, the Commissioner shall serve and file a brief in response to the plaintiff's brief.

Finally, within fourteen (14) days after filing of the Commissioner's brief, on or before **December 1, 2025**, the plaintiff may file a reply brief.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
